IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CNX LAND RESOURCES INC.,
a Delaware corporation,

    Plaintiff,

v.                                      Civil Action No. 5:12CV112
                                                  (STAMP)
ROBERT A. WILLIAMS,
an individual and
CHERYL L. WILLIAMS,
an individual,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

On July 20, 2012, the plaintiff filed its complaint seeking a temporary restraining order and specific performance of an option to purchase contract ("the option"). Further, the complaint made claims for breach of contract, tortious interference with contract and business relationships, and punitive damages. Thereafter, this Court scheduled a hearing on the plaintiff's request for a temporary restraining order. Prior to the hearings, however, the parties informed this Court via a proposed order that they had resolved the plaintiff's request for a temporary restraining order. The proposed order, which this Court approved and entered, indicated that the defendants agreed to not convey or encumber the

property that was subject to the option until the claims surrounding the option were resolved.

Both parties then filed motions for summary judgment. The plaintiff's motion, however, was only a motion for partial summary judgment. Thereafter, the plaintiff filed a motion to withdraw its claim for tortious interference, which this Court granted. As a result, the plaintiff's summary judgment motion encompassed all of the remaining claims proffered by plaintiff and, as such, a granting of summary judgment in the plaintiff's favor would result in a final judgment on all claims. After both motions for summary judgment were fully briefed, this Court then issued a letter setting forth its tentative findings as to those motions. The letter indicated that this Court granted the plaintiff's motion for partial summary judgment and denied the defendants' motion for summary judgment. This order confirms those rulings in more detail for the reasons set forth below.

## II. Facts[1]

The parties entered into the option to purchase the defendants' parcel of land located in Marshall County, West Virginia on November 16, 2011. The plaintiff paid $5,000.00 to the defendants in consideration for the option. According to the option, the parties agreed to a purchase price of $800,000.00,

---

[1] For the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by the plaintiff in the complaint.

which the plaintiff would pay if it chose to exercise the option. If the plaintiff did in fact exercise the option, the defendants agreed to convey the property by general warranty deed to the plaintiff. Further, the payment of $5,000.00 paid in consideration for the option would be credited against the $800,000.00 purchase price.

The parties agreed that the option was to terminate on May 17, 2012 at 12:01 a.m. The option contract contained the following paragraph explaining how the plaintiff was to exercise the option if it chose to do so prior to that date:

> The Option shall be deemed to be exercised upon Optionee delivering written notice to Optionors. Notice shall be deemed effective (i) upon personal delivery; or (ii) upon confirmation of delivery by a nationally recognized overnight courier (the "Exercise Date"). If Optionee fails to exercise its Option within the Option Period, Optionee's Option and this Agreement shall terminate and Optionee shall forfeit all rights hereunder, including forfeiting its rights in and to the Option Payment.

ECF No. 1 Ex. 2 *1.

On May 15, 2012, the plaintiff sent the defendants a letter addressed to both the defendants' address at the time that the option was entered into and to the new address assigned to the defendants for 911 emergency purposes. Both letters were delivered to the defendants' addresses by Federal Express ("FedEx") at 4:16 p.m. on May 16, 2012 according to the delivery confirmations.

On June 11, 2012, the plaintiff contacted the defendants via telephone to schedule a closing in accordance with the option

3

contract, which required the closing be held within 60 days from the date the plaintiff exercised the option. The defendants, through counsel, however, informed the plaintiff that they did not timely receive notice of the plaintiff's decision to exercise the option and therefore, there would be no closing. Nevertheless, the plaintiff sent a letter addressed to the defendants' counsel and also sent a letter directly to the defendants indicating that the closing was scheduled for June 29, 2012 and provided the date and location of such closing. The defendants, however, did not attend the scheduled closing and instead sent a letter through their counsel indicating that the plaintiff had not timely exercised the option. The plaintiff again scheduled two other closings, one for July 6, 2012, and another for July 13, 2012, and informed the defendants of the same; again, the defendants did not attend either closing.

### III. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718-19 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(stating that summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

5

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In the plaintiff's motion for summary judgment, the plaintiff argues that it is entitled to summary judgment as to Counts I and II of its complaint. The plaintiff argues that it is entitled to a finding that the defendants breached the option contract based on the language of the option contract and the facts involved. Specifically, the plaintiff states that it exercised the option in accordance with the option contract's requirements and the defendants refuse to abide by the contract. Further, the plaintiff argues that it is entitled to specific performance as there is no adequate remedy at law other than specific performance as this

particular parcel of land lies in the middle of the route of a proposed overland conveyor belt, which the plaintiff intends to build.

The defendants, in contrast, argue that they have not breached the option contract and instead that the terms of exercising the option were not followed. According to the defendants, notice that the plaintiff was exercising the option had to be delivered directly to the defendants, and the plaintiff's delivery using FedEx, which only left the notice at the defendants' residence was insufficient. Further, the defendants state that even if there was ambiguity as to what constituted proper delivery of notice, that ambiguity should be resolved in the defendants' favor, as the plaintiff drafted the option contract.

A.  Contract Language

Under West Virginia law, contract language is considered ambiguous "when it is reasonably susceptible to more than one meaning in light of the surrounding circumstances and after applying the established rules of construction." Williams v. Precision Coil, Inc., 458 S.E.2d 327, 342 n.23 (W. Va. 1995). Courts "should read [contract] provisions to avoid ambiguities and not torture the language to create them." Payne v. Weston, 466 S.E.2d 161, 166 (W. Va. 1995). As such, ambiguity does not result merely because the parties do not agree to the construction of the contract. Lee v. Lee, 721 S.E.2d 53, 56 (W. Va. 2011). Instead,

the question as to whether a contract is ambiguous is a question of law to be determined by the courts. <u>Pilling v. Nationwide Mut. Fire Ins. Co.</u>, 500 S.E.2d 870, 872 (W. Va. 1997). When a court finds that contract language is unambiguous, it must apply such language according to its plain and natural meaning. <u>Fraternal Order of Police, Lodge No. 69 v. City of Fairmont</u>, 468 S.E.2d 712, 716 (W. Va. 1996). "If a court properly determines that the contract is unambiguous on the dispositive issue, it may then properly interpret the contract as a matter of law and grant summary judgment because no interpretive facts are in genuine issue." <u>World-Wide Rights Ltd. Partnership v. Combe Inc.</u>, 955 F.2d 242, 245 (4th Cir. 1992).

The defendants argue that the phrase "[t]he Option shall be deemed to be exercised upon Optionee delivering written notice to Optionors" in the paragraph concerning how the plaintiff is to exercise the option, requires personal delivery upon the defendants or as the defendants state, for delivery to be "landed" upon the defendants in order to properly exercise the option. This argument, however, fails to take into account the remaining portion of that paragraph, which explains exactly when notice will be effective. Specifically, according to the option contract, notice will be deemed effective "(i) upon personal delivery; or (ii) upon confirmation of delivery by a nationally recognized overnight courier." Taking the entire paragraph into consideration, this

8

Court finds that the contract language is unambiguous. While the first clause states that notice should be delivered to the optionors, which in this case are the defendants, the second clause makes clear what type of delivery is required. The plaintiff had the choice between two delivery options. The plaintiff chose not to use the personal delivery option, and instead used FedEx for delivery, which is a nationally recognized overnight carrier with delivery confirmation. Additionally, the defendants' argument that the initial phrase requires delivery to be "landed" upon the defendants is further belied by the fact that nowhere in that phrase does it specifically state such requirement.

B. <u>Specific Performance</u>

Courts determine whether or not granting specific performance in a particular case is proper, as such remedy is not a right of either party. <u>Brand v. Lowther</u>, 285 S.E.2d 474, 479 (W. Va. 1981). When determining whether to grant specific performance, a court must take into account "all the facts and circumstances of the case." <u>Id.</u> (citations omitted). Specific performance will generally be granted where "the contract is in writing, is certain and fair in all its terms, is free of fraud, misapprehension or mistake, is for an adequate consideration, and is capable of being performed." <u>Id.</u> (citations omitted). A court, however, when granting specific performance should ensure "there is no hardship

or oppression, even though these do not amount to legal or equitable wrong." Fultz v. Connelly, 80 S.E.2d 438, 441 (1954).

Generally, when a contract is for the sale of land, specific performance is granted as legal remedies are assumed to be inadequate because each parcel of land is unique. 71 Am. Jur. 2d Specific Performance § 130. The plaintiff argues that it is entitled to specific performance in this instance. Specifically, the plaintiff states that there is no other adequate remedy of law because the land in question is in the middle of the route of a proposed overland conveyor belt that the plaintiff wishes to construct. This Court agrees, and finds that specific performance is the proper remedy based on the circumstances involved. All of the requirements for granting specific performance are met in this action. The option contract was in writing, it seems certain and fair in all its terms, it is free of fraud, misapprehension or mistake, it is for an adequate consideration, and it is capable of being performed. Further, the defendants have failed to argue that specific performance is an improper remedy should summary judgment be granted in favor of the plaintiff. Nonetheless, this Court finds that no hardship or oppression would result from such sale based on the defendants' representations or lack thereof.

## V. Conclusion

For the reasons stated above, the plaintiff's motion for partial summary judgment (ECF No. 33) is GRANTED and the

defendants' motion for summary judgment (ECF No. 31) is DENIED. Accordingly, the defendants are hereby DIRECTED to complete the sale of the subject property, in accordance with this Court granting the remedy of specific performance. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 27, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE